**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

RICHARD HERNANDEZ SEGOVIA,

Petitioner,

v.

WARDEN, CALIFORNIA CITY DETENTION FACILITY,

Respondent.

No. 1:26-cv-07732 JLT CDB (HC)

A-Number: A-241-948-891

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING PETITIONER'S IMMEDIATE RELEASE

(Docs. 1, 9)

Richard Hernandez Segovia, a federal immigration detainee proceeding pro se, initiated this action on September 22, 2026, with the filing of a petition for writ of habeas corpus under 28 U.S.C. § 2241 while in custody of Immigration and Customs Enforcement at the California City Detention Facility. (Doc. 1.) This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c)(17).

As the findings and recommendations explain, Petitioner was encountered by immigration authorities when he entered the United States on August 22, 2022. (*See* Doc. 8 at 10.) Shortly thereafter, he was released and required to report under the Alternatives to Detention program. (*Id.*) However, according to the Form I-213 submitted by Respondents, Petitioner was terminated from ATD in September 2022 because he was "[n]o longer required to participate." (*Id.*) There is no documentation in the record explaining the nature of any conditions that were imposed upon

him after that. (*Id.*) Prior to August 29, 2026, the day of his challenged re-detention, Petitioner accrued no criminal history whatsoever, applied for asylum, and was granted work authorization through 2028. (*Id.*)

The magistrate judge concisely summarized the conflicting record regarding the circumstances of Petitioner's re-detention:

> Respondent's documents addressing Petitioner's arrest and detention on August 29, 2026, present two somewhat inconsistent narratives. The report of the U.S. Park Police officer that encountered Petitioner states that he observed Petitioner "illegally parked on a motorcycle" at an identified intersection in Washington, D.C. *Id.* at 5 ([Dep't of Interior Incident Report]). He contacted Petitioner and directed him to present his driver's license "to verify that he had the correct Motorcycle endorsement." *Id.* The officer did not observe an endorsement on the license and his call to dispatch confirmed that Petitioner did not possess a motorcycle endorsement. Because Petitioner was sitting on the motorcycle with the keys inserted in the ignition, the officer concluded that Petitioner was unlawfully operating the motorcycle without proper permit. The officer arrested Petitioner and transported him for booking. At some point, the officer contacted ICE and learned that Petitioner was "wanted for immigration purposes." *Id.* at 6.
>
> In contrast, the I-213 states that the Park Police officer contacted ICE with a request to verify ID on a subject for illegal U-turn who did not speak or understand English. *Id.* at 10.

(Doc. 9 at 2-3.)

On October 15, 2026, the assigned magistrate judge issued findings and recommendations to grant Petitioner's petition for writ of habeas corpus. (Doc. 9.) The Court served the findings and recommendations on all parties and Respondents timely filed objections, in which they object to the findings and recommendations for the same reasons advanced in Respondents' earlier filing, to wit, that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b). (Doc. 10; *see also* Doc. 8.)

According to 28 U.S.C. § 636(b)(1), the Court conducted a *de novo* review of this case. Having carefully reviewed the entire file, including Respondents' objections, the Court concludes that the findings and recommendations are supported by the record and by proper analysis. The Court agrees that Petitioner is entitled to habeas relief on his due process claim and that immediate relief is the appropriate remedy under the circumstances presented. As the findings

and recommendations explain.

> [T]here is nothing in the record to suggest that the government reasonably harbored an urgent need to arrest Petitioner without a predeprivation hearing. The prevailing rule is that the government must provide a noncitizen with a pre-deprivation hearing. *See Zinermon v. Burch*, 494 U.S. 113, 127 (1990) ("Applying [the Mathews] test, the Court usually has held that the Constitution requires some kind of a hearing before the State deprives a person of liberty …"). A narrow exception to this default rule exists where "it is at least arguable that providing Petitioner with notice and a pre-deprivation hearing would have been impracticable and/or would have motivated his flight." *See Martinez Hernandez v. Andrews*, No. 1:25-cv-01035-JLT-HBK, 2025 WL 2495767, at *12 (E.D. Cal. Aug. 28, 2025) (citing cases); *accord Guillermo M. R. v. Kaiser*, 791 F. Supp. 3d 1021, 1035–37 (N.D. Cal. 2025); *O.A.C.C. v. Wofford*, No. 1:25-cv-01652-DAD-CSK (HC), 2025 WL 3485221, at *4-5 (E.D. Cal. Dec. 4, 2025). Here, considering Petitioner's lack of criminal history and the nature of the misdemeanor infraction that resulted in his arrest, it is not objectively reasonable to conclude that requiring Petitioner to appear for a pre-deprivation hearing would have been impractical or otherwise incentivized his flight.

(Doc. 9 at 4.)

Accordingly, the Court **ORDERS**:

1. The findings and recommendations issued on October 15, 2026 (Doc. 9) are **ADOPTED** in full.
2. The petition for writ of habeas corpus (Doc. 1) is **GRANTED**.
3. Respondents are **ORDERED** to release Petitioner immediately.
4. Respondents are **ENJOINED AND RESTRAINED** from re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified.[1]
5. Respondents are **ORDERED** to provide Petitioner with a copy of this Order upon his release.
6. The Clerk of Court is **DIRECTED** to serve the California City Detention Facility in California City, California, with a copy of this Order.

---

[1] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here, SHALL be provided within seven days of the arrest. Alternatively, if Petitioner becomes subject to a final order of removal and Petitioner receives notice of such order, Respondents may detain Petitioner for the sole and limited purpose of executing removal. In this event, Respondent's SHALL provide a bond hearing in the timeframe required by law.

7. The Clerk of the Court is **DIRECTED** to enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Dated: _October 31, 2026_

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE